UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JAMES SESSOMS,

                                                    **MEMORANDUM & ORDER**

                        Petitioner,                 14-CV-06658-FB

        -against-

UNITED STATES OF AMERICA,

                        Respondent.
-------------------------------------------------x

*Appearances:*
*For the Petitioner:*                   *For the Respondent:*
JAMES SESSOMS, *pro se*                 JAMES PATRICK LOONAM
63611-053                               United States Attorney
MDC - Brooklyn                          Eastern District of New York
PO Box 329002                           271 Cadman Plaza East
Brooklyn, NY 11232                      Brooklyn, New York 11201

JILLIAN SPITZER HARRINGTON
P.O. Box 6006
Monroe Township, NJ 08831

SAM ALLEN SCHMIDT
Law Office of Sam A. Schmidt
111 Broadway, Suite 1305
New York, NY 10006

**BLOCK, Senior District Judge:**

        James Sessoms, pro se, moves under Federal Rule of Civil Procedure 59(e) for

reconsideration of the Court's July 5, 2017 order denying his 28 U.S.C. § 2255 motion to

vacate his sentence. Sessoms's crimes of conviction included Hobbs Act robbery, as defined

in 18 U.S.C. § 1951(b)(1), and possession of a firearm in connection with a "crime of violence" under 18 U.S.C. § 924(c).

"Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or to prevent manifest injustice." *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000).

Sessoms points to no controlling decisions or data that the Court overlooked, nor does he identify a clear error. His motion amounts to objections regarding the Court's characterization of the record; these are not a basis for reconsideration. The Court therefore denies the motion for reconsideration.

Sessoms also moves through counsel to amend his § 2255 motion to add a claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court considers a motion for leave to amend a § 2255 motion under the standards set forth in Federal Rule of Civil Procedure 15(a). *See Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002)**.** Leave "should freely [be] give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court "may properly deny leave when amendment would be futile." *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999).

Sessoms seeks to amend his § 2255 motion to add arguments that none of his crimes

of conviction qualified as a "crime of violence" under 18 U.S.C. § 924(c) and that 18 U.S.C.

§ 924(c)(3)(B) is unconstitutionally vague. His new arguments are directly foreclosed by the

Second Circuit's decision in *United States v. Hill,* 832 F.3d 135, 137 (2d Cir. 2016). The Court

there held that Hobbs Act robbery qualifies as a "crime of violence" under both §

924(c)(3)(A) and, in the alternative, § 924(c)(3)(B). *Hill*, 832 F.3d at 140-45. The Court also

explicitly rejected the argument that § 924(c)(3)(B) was void for vagueness under *Johnson.*

Sessom's proposed amendment would therefore be futile, and his motion to amend is

accordingly denied. *See Jones*, 166 F.3d at 50.

For the foregoing reasons, Sessoms's motions are DENIED.

**SO ORDERED**


<u>Frederic Block</u>
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 18, 2017

3